**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| ROB'S ELECTRIC, INC., a Washington corporation, | No. 86097-6-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| THE ASHLEY HOUSE, a Washington nonprofit corporation, | |
| Respondent. | |

BIRK, J. — In 2022, Rob's Electric Inc. recorded a lien on The Ashley House's property for attorney fees, costs, and interest. Rob's filed a complaint to foreclose the lien, and Ashley House moved to dismiss the complaint on summary judgment, arguing that attorney fees, costs, and interest were not lienable services under Washington's mechanics' lien statute, ch. 60.04 RCW. The superior court granted Ashley House's motion for summary judgment, invalidated the 2022 lien, and dismissed Rob's complaint with prejudice. Rob's appeals, arguing there was a genuine issue of material fact as to the basis of the 2022 lien. It also argues the superior court erred in denying in part its motion to strike portions of a declaration and in denying Rob's motion to amend its complaint. Finding no error, we affirm.

I

Ashley House owns property in Shoreline, Washington (Property). In March 2020, Ashley House hired Square Peg Construction LLC as its general contractor

to remodel the Property, and Square Peg hired Rob's as a subcontractor to perform electrical work at the Property. In October 2021, Ashley House and Square Peg mutually agreed to terminate Square Peg's work on the project, and Ashley House hired a new general contractor to complete the project. During the termination and removal of Square Peg, Ashley House learned that Square Peg had not paid various subcontractors, resulting in multiple subcontractors recording liens on the Property.

On October 18, 2021, Rob's recorded a lien on the Property in the amount of $473,560.28. In a notice dated January 10, 2021, Rob's alleged to Ashley House's lender that Ashley House owed Rob's Electric $522,336.99. Rob's alleged this increased amount was "associated with sales tax that was not included on invoicing to Square Peg."

Square Peg, Ashley House, and Rob's entered into a memorandum of understanding and release, under which Ashley House and Square Peg would pay a portion of the $522,336.99 sought by Rob's, who in turn would release the 2021 lien. On April 28, 2022, Rob's recorded a release of lien. Ashley House paid the remaining amount demanded by Rob's for a total of $522,336.99.

On July 29, 2022, Rob's recorded a second lien on the Property in the amount of $56,529.74 for what it claims in a complaint for a foreclosure of lien was "limited to unpaid attorney fees, court costs, and interest." Ashley House filed a motion for summary judgment, and requested the superior court dismiss Rob's complaint because the 2022 lien was for services not lienable under RCW

2

60.04.021.[1]  In support of its summary judgment motion, Ashley House submitted a declaration from its executive director and chief executive officer, Ken Maaz.

In response to Ashley House's motion, Rob's filed a declaration from a co-owner of Rob's, Robert Perasso.  Perasso said there was no agreement on how Rob's was to allocate what he called Ashley House's partial payment of the 2021 lien and that Rob's "typically applies partial payments first to the costs of collection, then to interest owed, and the remainder toward the contract amount."  Rob's moved to strike portions of Maaz's declaration supporting summary judgment, arguing certain exhibits were inadmissible because they were settlement negotiations.[2]  In response to Rob's motion to strike, Ashley House submitted a redacted version of Maaz's declaration, which removed any mention of purported settlement offers.

The superior court heard argument on Rob's motion to strike and Ashley House's motion for summary judgment.  As to the motion to strike, the superior court accepted Ashley House's redactions and noted it would "carefully consider only the evidence allowed, and only for the specific purpose as noted on the record," that is, that the 2022 lien consisted of attorney fees and interest.  The

---

[1] RCW 60.04.021 reads,

Except as provided in RCW 60.04.031, any person furnishing labor, professional services, materials, or equipment for the improvement of real property shall have a lien upon the improvement for the contract price of labor, professional services, materials, or equipment furnished at the instance of the owner, or the agent or construction agent of the owner.

[2] Rob's also requested the superior court strike an exhibit because it was improperly authenticated, inadmissible hearsay, and lay opinion.  Ashley House did not object, and the superior court struck the exhibit.

superior court granted Ashley House's motion for summary judgment, concluding RCW 60.04.021 does not allow a lien for attorney fees, costs, and interests. Alternatively, the superior court concluded the lien did not procedurally comply with the service requirement even if it had been valid under the statute. The superior court invalidated the 2022 lien and dismissed Rob's complaint with prejudice. Rob's orally moved for leave to amend its complaint, and after the hearing, filed a motion to amend its complaint and "clarify the relief it sought," which it said was to pursue a "breach of contract" claim and "seek a monetary judgment against [Ashley House] for monies owed." The superior court denied Rob's motion to amend the complaint. Rob's appeals.

II

Rob's argues the superior court erred when it granted Ashley House's motion for summary judgment because there was a genuine issue of material fact as to the basis of the 2022 lien. We disagree.

We review a grant of summary judgment de novo and engage in the same inquiry as the superior court. Johnson v. Lake Cushman Maint. Co., 5 Wn. App. 2d 765, 777, 425 P.3d 560 (2018). Summary judgment is appropriate if the record demonstrates the absence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Id. A genuine issue of material fact exists when reasonable minds can differ on the facts that control the outcome of the litigation. Id. at 778. Mere allegations, argumentative assertions, conclusory statements, and speculation do not raise issues of material fact that

4

preclude a grant of summary judgment. Greenhalgh v. Dep't of Corr., 160 Wn. App. 706, 714, 248 P.3d 150 (2011).

The moving party in a summary judgment motion bears the initial burden of showing the absence of any issue of material fact. Johnson, 5 Wn. App. 2d at 777. If the moving party meets its burden, then the burden shifts to the opposing party to show the existence of a genuine issue of material fact. Id. at 777-78. If the opposing party fails to meet its burden of showing a genuine issue of material fact exists, then summary judgment is appropriate. Id. at 778. We consider all facts and reasonable inferences from those facts in the light most favorable to the nonmoving party. Id. at 777.

Here, Ashley House argues the 2022 lien was for only attorney fees, costs, and interest, which are not lienable services under RCW 60.04.021, and points to Rob's complaint stating that the current action was "limited to unpaid attorney fees, court costs, and interest." Furthermore, an e-mail from Rob's attorney to Ashley House's attorney stated, "[Rob's] will be re-filing its lien. As of now, it will file only for its unsatisfied claim to interest and attorney fees." Ashley House met its initial burden of proving an absence of issue of material fact as to the basis of the 2022 lien, and the burden shifted to the Rob's to show the existence of a genuine issue. Rob's argues there is an issue of fact as to the basis of the 2022 lien because it claims it allocated Ashley House's payment "first toward unpaid interest, then to collection costs, and the remainder to unpaid labor and material." However, no evidence in the record supports this assertion. Perasso stated in his declaration that Rob's "*typically* applies partial payments first to the costs of collection, then to

5

interest owed, and the remainder toward the contract amount." (Emphasis added.) Perasso did not state that Rob's did so, nor did he contradict or otherwise explain Rob's unequivocal representations before suit and in its pleadings that it was suing for attorney fees, court costs, and interest. This does not raise an issue of fact as to whether Rob's sought recovery other than for what it claimed. The superior court did not err in granting Ashley House's motion for summary judgment.[3,4]

III

Rob's argues the superior court abused its discretion when it denied its motion to amend its complaint to add a claim for a money judgment to its lawsuit. We disagree.

We review a superior court's denial of a motion to amend the pleadings for an abuse of discretion. Wilson v. Horsley, 137 Wn.2d 500, 505, 974 P.2d 316 (1999). A trial court abuses its discretion when the ruling is manifestly unreasonable or based upon untenable grounds or reasons. Veit v. Burlington N. Santa Fe Corp., 171 Wn.2d 88, 99, 249 P.3d 607 (2011). After an answer is served, CR 15(a) permits a plaintiff to amend a complaint only by leave of court or by written consent of the adverse party, which shall be freely given when justice so requires. "The touchstone for the denial of a motion to amend is the prejudice

---

[3] Rob's argues the superior court erred when it denied in part Rob's motion to strike, and considered exhibits which discussed settlement negotiations when deciding summary judgment. Because Rob's evidence in response to Ashley House's motion failed to raise a genuine issue of material fact, Rob's argument relating to the motion to strike is moot.

[4] Rob's further argues its claim for a money judgment against Ashley House should not have been dismissed on summary judgment. However, Rob's did not assert a claim for money judgment in its complaint. The only claim asserted within the complaint was to foreclose the mechanics' lien against Ashley House.

such an amendment would cause to the nonmoving party. Factors which may be considered in determining whether permitting amendment would cause prejudice include undue delay, unfair surprise, and jury confusion." Wilson, 137 Wn.2d at 505-06 (citation omitted).

When a party moves to amend after the adverse granting of summary judgment, the normal course of proceedings is disrupted and the trial court should consider whether the motion could have been timely made earlier in the litigation. Doyle v. Planned Parenthood of Seattle-King County, Inc., 31 Wn. App. 126, 130-31, 639 P.2d 240 (1982). Rob's orally moved to amend its complaint after the superior court had already ruled it would grant summary judgment and dismiss Rob's complaint with prejudice. Allowing Rob's to amend its complaint would have caused actual prejudice to Ashley House because its proposed amendment—adding a breach of contract claim against Ashley House—would have substantially changed the case from the one that Rob's originally brought, that is, a request to foreclose a lien. Allowing Rob's to raise this issue after the superior court had granted the motion for summary judgment would have necessitated new discovery not previously necessary, required new motion practice, and deprived Ashley House of its opportunity to have the original case resolved at summary judgment. Rob's does not establish that its postadverse-ruling legal theory could not have been raised earlier had it exercised due diligence before the superior court granted Ashley House's summary judgment motion. Because these are tenable grounds for denying leave to amend, the superior court did not abuse its discretion in denying the motion to amend.

IV

Both parties request attorney fees on appeal, citing RAP 18.1(a) and RCW 60.04.181(3). RAP 18.1 allows this court to award attorney fees and costs on appeal "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses." RCW 60.04.181(3), the construction lien statute's attorney fee provision, authorizes a court to award the prevailing party attorney fees on appeal. Because Ashley House has prevailed on appeal, we grant its request for attorney fees, subject to its compliance with RAP 18.1(d).

Affirmed.

_Birk, J._

WE CONCUR:

_____, ACJ _Dwyer, J._